UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK M. SPACONE, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on Behalf of and in the name of the At Home Liquidating Trust of At Home Corporation,<br><br>   Plaintiff(s),<br><br> v.<br><br>Microsoft Corporation,<br><br>   Defendant(s). | No. C03-4739 CW (BZ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF POST-2002 "SMART TAGS ALIAS" EMAILS** |

  Now before me is plaintiff's motion to compel production of post-2002 "Smart Tags Alias" emails.  Plaintiff seeks to compel defendant to produce emails from an internal email discussion group, referred to as the "Smart Tags discussion alias," that provided a forum for technical questions regarding the functionality of Smart Tags.  Plaintiff contends that post-2002 emails related to Smart Tags as implemented in Office XP and Office 2003 are relevant to defendant's use of

1

1  Smart Tags and to the determination of reasonable royalty rate
2  for purposes of calculating damages.  See <u>Telemac Corp. v.</u>
3  <u>U.S./Intellicom Inc.</u>, 185 F. Supp. 2d 1084, 1100 (N.D. Cal.
4  2001) (citing <u>Georgia-Pacific Corp. v. U.S. Plywood Corp.</u>, 318
5  F. Supp. 1116, 1120 (S.D.N.Y. 1970)).  Defendant argues that
6  the post-2002 "Smart Tags Alias" emails are irrelevant because
7  plaintiff has accused only a single product, Office XP, of
8  infringement, and that product was designed, developed and
9  released in 2002.
10     Patent Local Rule 3-1 required plaintiff to identify, by
11 name, each product accused of infringement in its preliminary
12 infringement contentions.  In its preliminary infringement
13 contentions, which were filed on February 16, 2005, plaintiff
14 accused Smart Tags as implemented in Office XP of
15 infringement.  Nowhere in its preliminary infringement
16 contentions did plaintiff mention Office 2003.  Plaintiff's
17 final infringement contentions similarly failed to accuse
18 Smart Tags as implemented in Office 2003 of infringement.
19 Plaintiff has not sought to amend its infringement
20 contentions.  <u>See</u> Pat. L.R. 3-7.  As plaintiff has never
21 accused the Smart Tags feature as implemented in Office 2003
22 of infringement, I find that "Smart Tags Alias" emails
23 regarding Office 2003 are irrelevant.  Plaintiff is therefore
24 not entitled to discovery of post-2002 "Smart Tags Alias"
25 emails regarding Office 2003.
26     Plaintiff is entitled to post-2002 "Smart Tags Alias"
27 emails regarding Office XP, however.  These documents are
28 relevant to the product accused of infringement in this

2

lawsuit, and may lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).  Defendant's contention that plaintiff is not entitled to post-2002 emails because they were created after the design, development and release of Office XP is unavailing.  Defendant does not contend that the email discussion group ceased discussing Smart Tags as implemented in Office XP upon its release.  Nor has defendant provided evidence to demonstrate that post-2002 "Smart Tags Alias" emails regarding Office XP do not contain information relevant to this litigation.  I therefore find that plaintiff is entitled to discover all post-2002 "Smart Tags Alias" emails regarding Office XP.

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff's motion to compel post-2002 "Smart Tags Alias" emails is **GRANTED** to the extent that it seeks discovery of emails regarding Office XP and **DENIED** in all other respects.

Dated: August 16, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SPACONE\COMPEL2.ORD.wpd