IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK M. SPACONE, on behalf of and as trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | No. C 03-4739 CW<br><br>ORDER SUSTAINING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FEBRUARY 24, 2005 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

Plaintiff Hank M. Spacone[1] objects to the Magistrate Judge's February 24, 2005 order denying Plaintiff's motion to compel production of computer source code from Defendant Microsoft Corporation's Microsoft Office and Internet Explorer products. Defendant has filed an opposition brief. Having considered the parties' papers and the evidence cited therein, the Court sustains Plaintiff's objection.

BACKGROUND

At Home Corporation (At Home) was an Internet service provider that provided high-speed Internet connections through cable infrastructure. On September 19, 2000, At Home was issued U.S.

---

[1] On June 27, 2005, the Court approved a stipulation substituting Mr. Spacone for Frank Morrow as Trustee of the General Unsecured Creditors' Liquidating Trust of At Home Corporation.

Patent No. 6,122,647 ('647 patent), entitled "Dynamic Generation of Contextual Links in Hypertext Documents."  In September, 2001, At Home filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code.  The bankruptcy court named the General Unsecured Creditors' Liquidating Trust as At Home's successor for purposes relating to the prosecution and settlement of the estate's litigation.  Plaintiff's complaint, filed on October 22, 2003, alleges, among other things, that the Smart Tags functionality which is integrated into several versions of Defendant's Microsoft Office and Internet Explorer products infringes the '647 patent.

On March 26, 2004, Plaintiff disclosed, pursuant to Patent Local Rule 3-1, its preliminary infringement contentions.  Those contentions identified the Microsoft Smart Tags as the accused instrumentality, and also stated that the Smart Tags feature "is implemented in Microsoft Office XP."

During discovery, Plaintiff requested from Defendant Smart Tags-specific source code as well as source code for the applications, such as Microsoft Office, that integrate Smart Tags. On May 11, 2004, Defendant gave Plaintiff a 5000-page paper version of what Defendant characterized as the "core" Smart Tags code. However, to date, Defendant has not provided the source code requested by Plaintiff relating to any applications that utilize the Smart Tags feature.

For several months in 2004, the parties were unable to agree upon a protective order covering the relevant source code because Defendant wished to include a prosecutorial bar that would have precluded Plaintiff's experts from assisting in prosecuting patents

2

1  relating to the subject matter of the source code.  On December 13,
2  2004, the parties stipulated to a protective order that did not
3  include a prosecutorial bar.  Thus, until December, 2004, Plaintiff
4  was not able to provide to his experts the Smart Tags-related
5  source code that Defendant had divulged.
6      On January 6, 2005, Plaintiff submitted his final infringement
7  contentions, which stated as follows: "The Smart Tags feature is
8  implemented in at least Microsoft Office XP applications."
9      On January 11, 2005, Defendant gave Plaintiff a CD containing
10 an electronic version of the 5000 pages of source code that it had
11 provided Plaintiff on May 11, 2004.  Plaintiff informed Defendant
12 on February 1, 2005 that it intended to show the CD to Plaintiff's
13 expert, David Klausner.  Based on a provision of the protective
14 order requiring Plaintiff to give Defendant ten business-days
15 notice before showing confidential evidence to an expert, Klausner
16 could not review the CD until February 15.  While Klausner had
17 reviewed Smart Tags-related source code as an expert in another
18 lawsuit, a protective order prohibited him from applying that
19 knowledge to another case.
20     On February 3, 2005, the Magistrate Judge held a telephonic
21 conference with the parties to discuss, among other things, the
22 parties' dispute with respect to the source code utilized by
23 Defendant's applications that incorporate the Smart Tags
24 functionality.  The Magistrate Judge indicated that he would
25 require briefing on the issue.  Specifically, the Magistrate Judge
26 stated, "I'm going to be very interested to see how your experts
27 battle this out in the declarations that you're going to have to
28

3

provide me to make any sense out of these respective positions. . . . I can't tell you right now over the phone, I'm not going to try." Pl.'s Ex. A at 13. The Magistrate Judge gave the parties a deadline of February 9, 2005 for filing discovery motions.

On February 9, 2005, Plaintiff moved to compel Defendant to produce computer source code for Microsoft Office XP, Microsoft Office 2003 and Internet Explorer, versions 5.0 and above, that related to the Smart Tags functionality. In support of his motion, Plaintiff attached a declaration from Marc Kaufman, an attorney with more than eighteen years of experience in computer software who had reviewed the CD of source code provided by Defendant. In his declaration, Kaufman described the types of code that would be necessary to allow Plaintiff to compile and link the Smart Tags source code and recreate the executable computer programs of the accused products. Kaufman also explained why the code was necessary: "The Smart Tags feature and its operation and functionality within the various applications supporting and interacting with the feature cannot be compared to the operation of the invention claimed in the '647 patent without analysis of the whole of the underlying source code." Kaufman Dec. ¶ 4.

On February 24, 2005, the Magistrate Judge denied Plaintiff's motion to compel, ruling that Plaintiff had failed to make a factual showing that the requested source code was relevant to Plaintiff's patent infringement claim. In his order, the Magistrate Judge ruled:

> Even though I admonished the parties during a telephonic discovery conference held on February 3, 2005 that they would have to provide expert declarations to support their

4

> respective positions, and plaintiff admitted in his moving papers that his expert had access to the source code in dispute in a different lawsuit, plaintiff failed to submit such a declaration with his moving papers. Plaintiff's only showing was a conclusory one by counsel. Nor has plaintiff explained why it seeks discovery of source code of products not specifically accused in its Final Infringement Contentions or why it has not moved to amend its contentions pursuant to Patent L.R. 3-7.

In a footnote, the Magistrate Judge stated as follows: "With his reply, plaintiff submitted a declaration of David Klausner, a software development expert. Plaintiff's attempt to introduce new evidence in connection with their reply papers is improper absent a showing that this declaration could not have been submitted timely."

On June 24, Plaintiff filed his objection to the Magistrate Judge's order.

## LEGAL STANDARD

A magistrate judge's order on a non-dispositive pre-trial matter shall be modified or set aside only if the reviewing district court finds that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

## DISCUSSION

The Magistrate Judge denied Plaintiff's motion to compel in large part because Plaintiff had submitted a supporting declaration from an attorney rather than an expert. However, Plaintiff could not introduce the Klausner declaration with his initial motion

5

because Klausner could not review the source code until February 15, after the February 9 briefing deadline imposed by the Magistrate Judge.  Instead, Plaintiff attached the Kaufman declaration, a reasonable alternative in light of Kaufman's extensive background in computer software.  After Klausner reviewed the source code, he submitted a declaration attached to Plaintiff's reply which detailed the categories of source code required and the reason they were needed.  His conclusions did not differ significantly from Kaufman's, although they were substantiated by more factual analysis.  Thus, the Magistrate Judge erred in ruling that the Klausner declaration constituted "new evidence," and even if it did, that evidence could not have been submitted in support of the original motion due to the February 9 filing deadline.

    The Magistrate Judge also erred in concluding that Plaintiff sought, through its motion to compel, discovery of products not accused in the final infringement contentions.  In so ruling, the Magistrate Judge apparently relied upon Patent Local Rule 3-1(b), which requires a plaintiff to disclose the products it believes infringe its patent:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.

However, Plaintiff's Rule 3-1(b) disclosures clearly identify the accused instrumentality as the Microsoft Smart Tags functionality.  That is sufficient under the Local Patent Rules.  The fact that Plaintiff also stated in his final infringement contentions that the Smart Tags functionality is "implemented in at least Microsoft

6

1  Office XP applications" does not exclude from his infringement
2  contentions other Microsoft applications that implement Smart Tags.
3      For the foregoing reasons, the Magistrate Judge's order is
4  vacated.  Plaintiff's motion to compel Defendant to produce source
5  code from its Microsoft Office XP, Microsoft Office 2003 and
6  Internet Explorer, versions 5.0 and above, that pertains to the
7  function and operation of the Smart Tags feature is granted.
8                                CONCLUSION
9      For the foregoing reasons, the Court SUSTAINS Plaintiff's
10 objection to the Magistrate Judge's February 24, 2005 order (Docket
11 No. 135).  Defendant is ordered to produce all source code from its
12 Microsoft Office XP, Microsoft Office 2003 and Internet Explorer,
13 versions 5.0 and above, that pertains to the function and operation
14 of the Smart Tags feature.
15     IT IS SO ORDERED.

18 Dated: 8/31/05

                                                    CLAUDIA WILKEN
                                                    United States District Judge

United States District Court
For the Northern District of California

7