IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK SPACONE, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant/Counterclaim<br>      Plaintiff,<br><br>  v.<br><br>HANK SPACONE, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation, and JACQUELYN CRAWFORD, as Trustee for the At Home Liquidating Trust of At Home Corporation,<br><br>      Counterclaim Defendants.<br>_____/ | No. C 03-4739 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND GRANTING DEFENDANT'S REQUEST FOR CLARIFICATION OF MARCH 10, 2006 ORDER |

Plaintiff and Counterdefendant Hank Spacone, on behalf of and as Trustee for the General Unsecured Creditors' Liquidating Trust of At Home Corporation, and on behalf of and in the name of the At Home Liquidating Trust of At Home Corporation, moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. Defendant and Counterclaimant Microsoft Corporation opposes the motion and separately requests that the Court clarify its March 10, 2006 order on the cross-motions for summary judgment. The matter was submitted on the papers. Having considered all of the papers filed by the parties and the evidence cited therein, the Court denies Plaintiff's motion to alter or amend the judgment and grants Defendant's request for clarification.

BACKGROUND

On March 10, 2006, the Court granted Defendant's motion for summary judgment and judgment was entered. Specifically, the Court granted Defendant summary judgment that its smart tags do not literally infringe U.S. Patent No. 6,122,647 (the '647 patent) and do not infringe claims 2, 8, 12 or 13 by equivalents. Although there was a dispute of facts as to whether smart tags infringed claims 1, 6 and 11 by an equivalent of the hyperlinks limitation, the Court further granted summary judgment that claims 1, 6, and 11 were invalid as anticipated by U.S. Patent No. 5,815,830 (Anthony).

LEGAL STANDARD

There are four grounds upon which a Rule 59(e) motion to amend or alter a judgement may be granted: 1) when the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) when the moving party presents newly

2

discovered evidence; 3) when the motion is necessary to prevent manifest injustice; or 4) where there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). In ruling on a Rule 59(e) motion, the district court has considerable discretion. Id.

DISCUSSION

I.  Plaintiff's Motion to Amend or Alter Judgment

Plaintiff contends that, in entering judgment, the Court overlooked material evidence, which amounted to a clear error of law or fact. As Defendant notes, Plaintiff does not address the Court's conclusion that claims 1, 6, and 11 are invalid. Instead, Plaintiff requests that the Court vacate the judgment and enter a new order denying Defendant's motion for summary judgment of non-infringement of claims 2, 8, 12 and 13. According to Plaintiff, the Court's order granting summary judgment was premised on the Court's conclusion that Plaintiff failed to demonstrate the existence of a triable issue regarding infringement of the '647 patent by failing to provide, or direct the Court to, certain evidence which, in fact, Plaintiff did provide and point out. Plaintiff argues that he provided material evidence regarding: (1) literal infringement with respect to hyperlinks; (2) infringement with respect to topics; and (3) literal infringement with respect to claim 8.

A.  Hypertext Links

In granting summary judgment, the Court found that Plaintiff did not meet his burden of providing evidence to dispute Defendant's contention that its smart tags lack hyperlinks as

3

construed by the Court.  Plaintiff contends that the Court overlooked specific evidence identifying what, in smart tags technology, is the alleged hypertext link.  But the evidence Plaintiff presents is the same evidence the Court has already considered and rejected.  In particular, the Court did not ignore the XML file, even if the file was not expressly mentioned in its order.

As Defendant notes, what aspect of "Smart Tags Functionality"[1] constitutes a hyperlink was a central issue, not overlooked.  The first question the Court asked Plaintiff's counsel at the hearing was "what in smart tags is the hypertext link if it's not menu links?"  Instead of answering the question asked, Plaintiff's counsel responded, "I think the real issue in smart tags functionality looking at it as a whole, and that's something we try to keep coming back to."  After the Court explained that patents are not analyzed in such a fashion, Plaintiff's counsel listed various elements that, combined, are a hyperlink.  The Court considered the elements Plaintiff's counsel listed, as well as counsel's arguments at the hearing and the arguments and evidence presented in Plaintiff's papers.

B.  Topic

Plaintiff argues that his theory of topics is supported by the record and thus, in concluding that he failed to adduce any

---

[1] Plaintiff has broadly defined Smart Tag Functionality as consisting of the smart tag features in Defendant's Office and Windows products, and the related software modules, programs and tools that support its functionality.  Plaintiff's Motion for Partial Summary Judgment, 2 n.1.

4

evidence that smart tags determine a "topic" associated with each selected term, the Court overlooked specific evidence that he presented. Again, the Court did not.

As the Court noted in its order, Plaintiff, in his motion for summary judgment, identified the words "Microsoft Corporation" as a topic. In its opposition, Defendant noted that the words Microsoft Corporation are not stored in the smart tag infrastructure. In his reply, Plaintiff no longer argued that Microsoft Corporation was a topic; instead, he asserted that the '647 patent teaches that topics may be represented by a "topic ID," such as "MSFT." Plaintiff stated, "That is exactly what Smart Tag Functionality does. Microsoft misses the point that a topic, while possibly represented by words, can be represented in various manners, such as by an identifier that can be cross referenced by the system to a topic." Plaintiff's Reply In Support of Motion for Partial Summary Judgment, 9:4-6. Citations are not omitted; Plaintiff provided no evidence to support his assertion of what Smart Tag Functionality does, or to identify the "topic" that is being cross-referenced by an identifier. Plaintiff stated in his opening brief that MSFT is a unique identifier for the topic Microsoft Corporation, but then conceded in his reply that Microsoft Corporation is not stored as a topic anywhere in smart tags. See also Soffer Dec. ¶ 80 ("MSFT is a financial symbol that identifies the topic Microsoft Corporation, and is thereby associated with the topic Microsoft Corporation and related subtopics Microsoft Quote Data, Microsoft Company Report and Microsoft News.").

5

Now, Plaintiff argues that a topic identifier, such as MSFT, is literally the topic. Plaintiff contends that this is not a new argument and is consistent with his position from the outset. Regardless, the evidence Plaintiff points to does not show that a topic identifier is literally a topic. His expert, Stuart B. Soffer, stated that terms, such as MSFT, "perform double duty: (1) they are the terms for matching occurrence in the source documents for the purpose of selecting terms in the source document, and (2) they are individually used as the unique identifiers of the topics, which in this example is the corporation represented by each." Soffer Dec., § 79. Mr. Soffer did not state that the terms, like MSFT, perform triple duty: thirdly, being the topic itself. Furthermore, in its order the Court concluded, "The claim language requires topics not topic ID codes; topics and topic ID codes are not synonymous." Topics and topic identifiers are not synonymous.

Plaintiff admits that he did not present his evidence on topics specifically as supporting a doctrine of equivalents argument because he believed (and continues to believe) that the topic identifier is literally a topic and thus the ordinary meaning of the claim term "topic" encompasses a topic ID. As Defendant notes, Plaintiff's subjective belief and reason for failing to present such evidence are irrelevant. The Court did not overlook evidence Plaintiff presented in his summary judgment papers.

C.  Claim 8

In its order, the Court found that Plaintiff failed to provide evidence that both the tagging module and the presentation module

6

1  receive the user selected portion as required by claim 8.
2  Plaintiff contends that he presented such evidence but it was
3  overlooked by the Court.  He points to the supplemental declaration
4  of Mr. Soffer that stated, "I analyze and conclude that Smart Tags
5  Functionality, as a whole, operates to allow the user selected
6  portion to be received by both the tagging module and the
7  presentation module."  Soffer Supp. ¶ 3 (emphasis in original).
8  The Court considered Mr. Soffer's analysis and conclusion.  As
9  noted above, however, in determining whether Defendant's smart tags
10 infringe the '647 patent, what Smart Tag Functionality as whole
11 does or does not do is not the correct analysis.  Although
12 Plaintiff disagrees with the Court's conclusion that he did not
13 provide evidence that both the tagging module and the presentation
14 module receive the user selected portion, that conclusion was
15 reached considering the evidence presented by Plaintiff.

II.  Defendant's Request for Clarification

17     Defendant's motion for summary judgment discussed two prior
18 art references: Anthony and an article by Paul Thistlewaite,
19 <u>Automatic Construction and Management of Large Open Webs</u>, 33
20 Information Processing & Management, 161-73, published in March,
21 1997.  In its opening papers, Defendant argued that both Anthony
22 and Thistlewaite anticipated claims 1, 2, 11, 12 and 13, but that
23 only Thistlewaite anticipated claim 6 because it expressly
24 disclosed the claim 6 feature of a menu of hypertext links, whereas
25 Anthony did not.  Plaintiff responded that neither Anthony nor
26 Thistlewaite anticipated claim 6.  He argued that Anthony did not
27 anticipate claims 1, 6, or 11 because it does not disclose the

7

1  feature of a "user selected portion"; he did not argue that Anthony
2  does not disclose the menu feature of claim 6.  In its surreply,
3  Defendant demonstrated that there was no genuine dispute that
4  Anthony disclosed the feature of a user selected portion and thus
5  concluded, "Claims 1, 6, and 11 are therefore invalid as
6  anticipated by Anthony."  Defendant's Surreply Re Motions for
7  Summary Judgment, 12:22.

8  As noted above, the Court held that claims 1, 6 and 11 were
9  invalid as anticipated by Anthony.  Because those claims were
10 anticipated by Anthony, the Court did not address whether
11 Thistlewaite also anticipated those claims.

12 Defendant now explains that it contends only that Thistlewaite
13 anticipated claim 6, and requests that the Court clarify that claim
14 6 is anticipated by Thistlewaite, not by Anthony.  Plaintiff has
15 not responded to Defendant's request to clarify; but, as noted
16 above, in its motion to alter or amend the judgment, it did not
17 address the Court's conclusion that claims 1, 6, and 11 were
18 anticipated.  The Court grants Defendant's request to clarify its
19 order and now rules that claim 6 is anticipated by Thistlewaite.

20 As the Court stated in its order, Defendant's expert Dr. W.
21 Bruce Croft's invalidity claim chart and expert report provide a
22 clear and convincing prima facie case of anticipation of claim 6 by
23 Thistlewaite.  Plaintiff provided no evidence to show a dispute
24 with respect to claim 6.  Instead, Plaintiff argued that
25 Thistlewaite was not invalidating art because it was not a single
26 prior art reference and because it was not enabling.  The Court
27 rejected the first argument; it did not reach the second.

28

8

1    Defendant notes that Plaintiff failed to rebut the evidence
2 Defendant presented that Thistlewaite is enabling.  The Court
3 agrees, and finds that Thistlewaite is enabling.
4    In his expert report, Dr. Croft stated that Thistlewaite,
5 along with other prior art references, would enable a person of
6 ordinary skill in the art to make and use the apparatus or method
7 disclosed.  Croft Dec., Ex. B ¶ 15.  As Defendant noted in its
8 surreply, while Plaintiff's expert, David Klausner, opined that
9 three of Defendant's prior art references were not enabling, Mr.
10 Klausner did not dispute Dr. Croft's assertion that Thistlewaite is
11 enabling.  Nor did Plaintiff point to any other evidence that
12 Thistlewaite was not enabling.  The background of the '647 patent
13 itself provides that hypertext links and their manner of creation
14 were well-known in the prior art; there was nothing about
15 hyperlinks, or a menu of hyperlinks, which would have required
16 undue experimentation to implement.  See Novo Nordisk Pharm., Inc.
17 v. Bio-Tech. General Corp., 424 F.3d 1347, 1355 (Fed. Cir.
18 2005)("In order to anticipate, a prior art disclosure must also be
19 enabling, such that one of ordinary skill in the art could practice
20 the invention without undue experimentation.").  The Court
21 concludes that, on the record before it, there is no basis on which
22 a reasonable jury could conclude that Thistlewaite was not
23 enabling.  Claim 6 is anticipated by Thistlewaite.

                              CONCLUSION

25    In sum, Plaintiff fails to demonstrate that an order altering
26 or amending the judgment "is necessary to correct manifest errors
27 of law or fact upon which the judgment is based."  Turner, 338 F.3d

9

at 1063.  Plaintiff's Motion to Alter or Amendment Judgment (Docket No. 247) is DENIED.  Defendant's Request for Clarification of Order Dated March 10, 2006 (Docket No. 246) is GRANTED.  Claim 6 of the '647 patent is invalid as anticipated by Thistlewaite.

IT IS SO ORDERED.

Dated: 6/7/06

CLAUDIA WILKEN
United States District Judge

10